IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALAN SNIDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00670-P |
| § | |
| SCOTT CAIN, AND CITY OF § | |
| CLEBURNE, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Mayor Scott Cain ("Cain") and City of Cleburne's ("City") Motion to Dismiss for Failure to State a Claim. ECF No. 20. Having considered the Motion, Plaintiff Alan Snider's ("Snider") response (ECF No. 28), Defendants' reply (ECF No. 29), and applicable law, the Court finds that Snider's Motion to Dismiss should be and is hereby **GRANTED.**

**BACKGROUND**[1]

On April 18, 2020, Snider and his wife received a citation from a Cleburne Police Officer for violating the City's Executive Management Plan contained within Cain's Executive Order No. 7 ("Order"). 2d Am. Comp. at ¶¶ 12–13, ECF No. 18. The Order, which expired by its own terms, required that all travel for essential services be carried out by a single member of a household, with some exceptions for caregivers. *Id*. at ¶¶ 13–14.

---

[1] The Court draws its factual account from the allegations in Plaintiffs' Second Amended Complaint. *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

Snider and his wife violated the Order by going to a Wal-Mart together while it was active. *Id*. at ¶¶ 12–13. Also active at this time was Governor Greg Abbot's Executive Order GA-14 ("GA-14"), which stated that local officials may not impose restrictions inconsistent with GA-14.

Snider filed suit on June 26, 2020, alleging that Defendants violated his Fourteenth Amendment due process rights, Texas constitutional right to assemble, and that the Order was impermissibly inconsistent with GA-14. *Id*. at ¶¶ 42–55. Defendants filed this Motion to Dismiss on September 14, 2020. Am. Mt. to Dismiss, ECF No. 20. Snider responded and Defendants replied on October 6, 2020, and October 20, 2020, respectively. ECF Nos. 28, 29. The Motion to Dismiss is now ripe for the Court's Consideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## ANALYSIS

**A.     The Complained-Of Order Expired By Its Own Terms, Rendering Snider's Claims Concerning Its Enforcement Moot.**

"Mootness . . . ensures federal courts are only deciding live cases or controversies. A matter is moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Spell v. Edwards*, 962 F.3d 175, 178–79 (5th Cir. 2020) (cleaned up). Cases typically become moot once the challenged law expires or is repealed. *Id*. at 179. "Once the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id*.

An exception exists when there is a risk that a defendant's decision to end its allegedly unlawful conduct is "mere litigation posturing." *Id*. Indeed, "if that is all it took to moot a case, 'a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends.'" *Id*. (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). For this exception to apply, defendants must demonstrate "that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. (quoting *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 425 (5th Cir. 2020)).

Statutes and orders that expire by their own terms, however, do not implicate this exception because their lapse was predetermined (i.e., *not* in response to litigation). *Id*. Put simply, a law's automatic expiration moots the case. *Id*. (holding that a COVID-19 stay-at-home order's automatic expiration mooted the case) (citing *Trump v. Hawaii*, 138 S. Ct. 377, 377 (2017) (dismissing as moot a challenge to an executive order's provisions that had

"expired by [their] own terms") and *Burke v. Barnes*, 479 U.S. 361, 363–64 (1987) (holding "that any issues concerning whether [a bill] became a law were mooted when [it] expired by its own terms")).

Another exception exists in the form of the "capable of repetition, yet evading review" doctrine. "This exception overcomes the general rule against deciding stale claims only if: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the plaintiffs will be subject to the same action again." *Id*. at 180 (cleaned up). This exception only applies in "exceptional situations." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016); *see also Spell*, 962 F.3d at 180 (holding that the "capable of repetition, yet evading review" doctrine did not apply to an expired COVID-19 restriction because plaintiffs did not satisfy the test's second prong).

As the *Spell* court noted, statutes and COVID-19 restrictions that expire by their own terms do not implicate evasion concerns under mootness. *Spell*, 962 F.3d at 179. As Snider concedes, the Order here expired on its own terms. 2d Am. Comp. at ¶ 13–14. While Snider asserts that the Order and others like it present injuries that are capable of repetition yet evade review, the Fifth Circuit's binding authority compels the Court to reject this argument. *Spell*, 962 F.3d at 180; 2d Am. Comp. at ¶ 52. *Spell* squarely rejects this contention in the COVID-19 context under the second prong, holding that the pandemic's nature makes asserting a reasonable expectation "speculative at best." *Spell*, 962 F.3d at 180. Nothing within the four corners of Snider's complaint provides the Court with anything beyond speculation that Defendants might reimpose the Order or something like

it. Thus, the Court must follow the Fifth Circuit's holding in *Spell* and find that Snider's request for injunctive relief under the Fourteenth Amendment and the Texas Constitution's right to assemble must be **DISMISSED as moot**.

**B.     Snider's Complaint Fails to State a Plausible Claim Against Defendants for Relief Under § 1983 Under *In Re Abbott*, *Jacobson*, and *Horton*.**

Responses to emergency public health measures receive incredibly deferential treatment. *See Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905); *In re Abbott*, 954 F.3d 772, 778 (5th Cir. 2020). "Under the pressure of great dangers, constitutional rights may be reasonably restricted as the safety of the general public may demand. That settled rule allows the state to restrict, for example, *one's right to peaceably assemble*, to publicly worship, *to travel*, and even to leave one's home." *In re Abbott*, 954 F.3d at 778 (cleaned up) (emphasis added); *see also Kansas v. Hendricks*, 521 U.S. 346, 356–57 (1997) (recognizing that Fourteenth Amendment liberties may be restrained even in civil contexts, relying on *Jacobson*); *United States v. Caltex*, 344 U.S. 149, 154 (1952) (acknowledging that "in times of imminent peril—such as when fire threatened a whole community—the sovereign could, with immunity, destroy the property of a few that the property of many and the lives of many more could be saved"); *Prince v. Massachusetts*, 321 U.S. 158, 166–67 (1944) (noting that "[t]he right to practice religion freely does not include liberty to expose the community . . . to communicable disease"); *Hickox v. Christie*, 205 F. Supp. 3d 579 (D.N.J. 2016) (rejecting, based on *Jacobson*, a § 1983 lawsuit concerning 80-hour quarantine of nurse returning from treating Ebola patients in Sierra Leone). This deference is due in large part to the fact that "[i]t is no part of the function of

a court" to decide which measures are "likely to be the most effective for the protection of the public against disease." *In re Abbott*, 954 F.3d at 778 (quoting *Jacobson*, 197 U.S. at 30).

"To be sure, individual rights secured by the Constitution do not disappear during a public health crisis, but the Court plainly stated that rights could be reasonably restricted during those times." *Id*. at 784. However, review is only available

> if a statute purporting to have been enacted to protect the public health, the public morals, or the public safety, *has no real or substantial relation to those objects*, or is, *beyond all question, a plain, palpable invasion of rights secured by the fundamental law.*

*Id*. (citing *Jacobson*, 197 U.S. at 31) (emphasis in original). The Supreme Court also phrased the inquiry as "asking whether power had been exercised in an "arbitrary, unreasonable manner," *Jacobson*, 197 U.S. at 28, or through "arbitrary and oppressive" regulations. *Id*. at 38. Put simply, courts must "ask whether the state's emergency measures lack basic exceptions for 'extreme cases,' and whether the measures are pretextual—that is, arbitrary or oppressive" while refraining from second-guessing the measures' wisdom or efficacy. *In re Abbott*, 954 F.3d at 785.

Here, Snider puts forth two statements in his complaint to support his claim that the Order gave rise to a § 1983 violation: (1) a conclusory statement that the Defendants violated his "right to travel freely" by issuing a citation for violating the Order, and (2) a purely legal argument that merely recites *Jacobson*. 2d Am. Comp. at 1, ¶ 27. Conclusory statements and legal argument lack traction under the Court's 12(b)(6) analysis. As such, Snider puts forth no facts supporting a plausible claim that the Order was arbitrary,

oppressive, or a plain, palpable invasion of rights under the *Jacobson* test as interpreted by the Fifth Circuit. *See supra* at 7.

Finally, Snider's bald allegation that the Order contravened GA-14 and gave rise to a violation actionable under § 1983 is inapposite because "a state's failure to follow the state's own procedural regulations does not in and of itself establish a constitutional violation" unless the regulation creates a protected liberty interest. *Horton v. Kinker*, 5 F.3d 1495 (5th Cir. 1993). GA-14 created no such liberty interest. Thus, Snider fails to plausibly state § 1983 claims and his allegations must be **DISMISSED.**

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss (ECF No. 20), should be and is hereby **GRANTED**. Accordingly, Snider's claims against Cain and the City are **DISMISSED with prejudice.**

**SO ORDERED** on this **23rd** day of **October**, **2020.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE